UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PRINCE FIGUEROA,<br><br>Defendant. | 2:08-CR-273 JCM (RJJ) |

**ORDER**

Presently before the court is the defendant's application for release pending appeal/ motion for reconsideration of motion to withdraw plea. (Doc. #67). The government has responded (doc. #74), and the defendant has replied (doc. #82).

On July 9, 2010, the defendant appeared before this court and entered a valid plea of guilty to the charges of sexual abuse and sexual abuse of a minor (doc. #55) pursuant to a binding plea agreement (doc. #59), which the defendant acknowledged during an extensive plea colloquy. On October 8, 2010, the defendant again appeared before the court for sentencing. At that time, the defendant requested new counsel and to withdraw his guilty plea. After lengthy inquiry, the court determined that the defendant had not presented a fair and just reason to withdraw his plea and proceeded with sentencing.

On October 20, 2010, judgment was entered against the defendant. (Doc. #65). On October 22, 2010, the defendant filed the instant motion, requesting release pending appeal and reconsideration of his request to withdraw his guilty plea. (Doc. #67). The defendant thereafter filed notice of appeal on October 28, 2010. (Doc. #70).

**James C. Mahan**
**U.S. District Judge**

Pursuant to Federal Rule of Appellate Procedure 4(b)(3)(A), a notice of appeal filed before a court disposes of certain pending motions becomes effective "upon the latter of . . . the entry of the order disposing of the last such remaining motion . . . or . . . the entry of the judgment of conviction." Although the instant motion for reconsideration is not one of the enumerated motions under Rule 4(b)(3)(A), pursuant to *United States v. Ibarra*, "a motion for rehearing in a criminal case, like a motion for rehearing in a civil case, renders an otherwise final decision of a district court not final until it decides the petition for rehearing." 502 U.S. 1, 6 (1991). Accordingly, the court considers the merits of the pending motion.

I. **RELEASE PENDING APPEAL**

"[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained. . . ." 18 U.S.C. § 3143(b)(1). The court may order an exception to this rule if the judicial officer finds, by clear and convincing evidence, that: (1) the person is not likely to flee or pose a danger to the community if released; (2) the appeal is not for the purpose of delay; and (3) the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *Id.*

However, if the defendant has been found guilty of an offense under 18 U.S.C. § 3142(f)(1)(A)–(C), the court " shall order" that person detained. 18 U.S.C. § 3142(b)(2). "As to such offenders, Congress has imposed an additional condition: Persons subject to the 1990 Act are not eligible for release unless 'it is clearly shown that there are exceptional circumstances why . . . detention would not be appropriate.'" *U.S. v. Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003) (citing 18 U.S.C. § 3145(c)).

The defendant here has been found guilty of sexual abuse, in violation of 18 U.S.C. § 2242(2)(b), an offense for which the maximum sentence is life imprisonment as per 18 U.S.C. § 3142(f)(1)(B). Defendant's conviction for sexual abuse of a minor constitutes a crime of violence

1  under (f)(1)(A). *See U.S. v. Asberry*, 394 F.3d 712 (9th Cir. 2005) (holding that sexual abuse of a
2  minor under Oregon law is categorically a crime of violence); *see also* U.S. SENTENCING
3  GUIDELINES MANUAL § 2L1.2 cmt. n. 1(B)(iii) (defining "crime of violence" as including statutory
4  rape and sexual abuse of a minor).

5  Thus, the defendant is statutorily ineligible for release pending appeal, unless he can show
6  that there are exceptional circumstances indicating that detention would be inappropriate. Although
7  the court has broad discretion in determining the circumstances that warrant such departure, the
8  Ninth Circuit has found potential considerations include: (1) the aberrational nature of conduct; (2)
9  the nature of violent act itself, e.g., a lack of specific intent; (3) the length of sentence imposed and
10 the length of maximum sentence; (4) circumstances that would render prison unusually harsh for
11 particular defendant, e.g., serious illness or injury; (5) the nature of defendant's arguments on appeal,
12 e.g., unusually strong chance of obtaining reversal; (6) exceptional unlikelihood that defendant will
13 flee or constitute danger to community; and (7) presence of unusual degree of cooperation with
14 government. *Garcia*, 340 F.3d at 1019–21.

15 Considering these factors, the court finds that release pending appeal is unwarranted in this
16 case. Although the defendant alleges that his behavior was aberrational, the court believes that the
17 egregious nature of the conduct, combined with the defendant's having admitted in open court to
18 committing these crimes, outweighs any other proffered evidence as to the defendant's good
19 character. And finally, the probation officer's opinion during sentencing that the defendant "finds
20 it very difficult to comply with requests that are made of him [by the probation office]" (doc. #86,
21 p. 24, 5–7) indicates that the defendant may be a flight risk. Accordingly, the defendant's request for
22 release pending appeal is denied.

23 **II.    RECONSIDERATION OF MOTION TO WITHDRAW PLEA**

24 "Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw
25 a plea of guilty prior to sentencing if he can 'show a fair and just reason for requesting the
26 withdrawal.'" *U.S. v. Mayweather*, 623 F.3d 762, 767 (9th Cir. 2010) (citing *U.S. v. Ensminger*, 567
27 F.3d 587, 590 (9th Cir. 2009)). In the instant case, the defendant requested to withdraw his guilty
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

plea at sentencing, stating "I just – I do not feel I was led in the right direction for this plea." (Doc. #86, p. 4, 15–16). When pressed for further information, the defendant was unable to produce a "fair and just reason" warranting withdrawal. The court ultimately denied his request and continued with sentencing.

The defendant now comes before the court requesting reconsideration of this order. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In support of his motion, the defendant notes: (1) a Federal Rule of Criminal Procedure 11 error in the plea colloquy; (2) ineffective assistance of his original counsel in failing to object to that error and in failing to communicate certain events to the defendant; and (3) the government's breach of the binding plea agreement in requesting lifetime supervision at sentencing.

A.  <u>Rule 11 Error in the Plea Colloquy</u>

Federal Rule of Criminal Procedure 11 requires that the defendant be informed of and understand any possible penalty, including imprisonment, fine and any term of supervised release before entering a guilty plea. FED. R. CRIM. P 11(b)(1)(H). In the instant case, the plea agreement, which the defendant signed without objection, improperly stated the maximum term of supervised release as five years.[1] That mistake was repeated during the plea colloquy, and the defendant again failed to object. The defendant now claims that the court committed clear error in advising him during the plea colloquy that the maximum term of supervised release was five years. In light of this error, the defendant alleges that the court's refusal to allow him to withdraw his plea was manifestly unjust.

In *United States v. Borowy*, the Ninth Circuit reviewed for plain error a Federal Rule of Criminal Procedure 11 violation to which no objection was made. 595 F.3d 1045 (9th Cir. 2010).

---

[1] The plea agreement states "Defendant is subject to supervised release for a term of not more than five (5) years. (Doc. #59, p.5, 17–18). This statement was in error–as noted in the presentence report, the appropriate statutory range for supervised release under each count was at least 5 years to life pursuant to 18 U.S.C. § 3583(k).

To establish plain error, the defendant must show "(1) error, (2) that is plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings." 595 F.3d at 1049 (internal citations omitted). Here, as in *Borowy*, the court finds that there was plain error, but that the error did not affect the defendant's substantial rights, nor did it seriously affect the fairness, integrity or public reputation of the judicial proceedings.

To show that the error affected a substantial right, the defendant must prove "a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (internal citations omitted). This inquiry includes a consideration of "the overall strength of the Government's case and any possible defenses that appear from the record, evidence tending to show that a misunderstanding was inconsequential to the defendant's decision, [and] evidence indicating the relative significance of other facts that may have borne on his choice regardless of any Rule 11 error." *Id.* (internal citations omitted).

Here, the government's case was particularly strong. As noted in the response brief, the defendant admitted to the crimes in a taped interview. The government also had the cooperation of the two female victims. The court further notes the following from the July 9, 2010, plea colloquy:

> THE COURT: Are you pleading guilty because in truth and fact your are guilty and for no other reason?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Tell me in your own words what you did that has convinced you to plead guilty.
>
> THE DEFENDANT: I committed a crime.
>
> THE COURT: All right, is it true that on or about June 13, 2008, here in the State and Federal District of Nevada within the special maritime and territorial jurisdiction of the United States you were at that time 19 years old, and you knowingly engaged in a sexual act with someone who is identified by the initials only BK who was then 14 years of age, is that true?

**James C. Mahan**
**U.S. District Judge**

1  THE DEFENDANT: Yes, sir.

2  THE COURT: And specifically you engaged in sexual conduct that included
3  penetration, is that correct?

4  THE DEFENDANT: Yes, sir.

5  THE COURT: And is it also true that on or about June 13, 2008, you knowingly
6  engaged in a sexual act with someone identified by the initials KJ when you well
7  knew that KJ was physically incapable of declining participating in and
8  communicating her unwillingness to participate in a sexual act because she was
9  asleep, is that correct?

10 THE DEFENDANT: Yes, sir.

11 THE COURT: And you knew that she was asleep and intoxicated from drinking
12 alcoholic beverages, is that true?

13 THE DEFENDANT: Yes, sir.

14 THE COURT: And nevertheless you engaged in a sexual act with her which again
15 involved penetration, is that correct?

16 THE DEFENDANT: Yes, sir.

17

18 (Doc. #78, p. 27–29). This satisfied the court that the defendant entered a true and knowing plea, and
19 the defendant has presented no new facts to indicate otherwise.

20 Furthermore, the evidence tends to show that the mistake regarding the term of supervised
21 release was inconsequential to the defendant's decision. At no point during the plea colloquy or
22 during sentencing was an objection made to the recommendation by probation for lifetime
23 supervised release, nor did the defendant cite this issue as a reason to withdraw his plea.

24 Finally, the court finds that factors besides the mistaken five-year maximum term of
25 supervised release played a large role in the defendant's decision to plead guilty. Specifically, the
26 defendant was accorded the benefit of a binding plea agreement and a recommendation at the low-
27 end of the guideline range of incarceration, notwithstanding the fact that there were two victims in

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  this case. At trial, the defendant faced a minimum sentence of thirty years. It is reasonable to assume
2  that this disparity motivated the defendant to plead guilty.
3      Accordingly, the court finds that the defendant has not been able to show to a reasonable
4  probability that, but for error in the plea colloquy, the defendant would not have entered his plea.
5      B.    <u>Breach of the Binding Plea Agreement</u>
6      Although the plea agreement in this case misstated the statutory term of supervised release
7  for the charged crimes as not more than five years, that statement was merely a recitation of the
8  relevant statute rather than a result of negotiations between the parties. The "penalty" section of the
9  plea agreement, where the mistake is found, is meant to advise the defendant of that maximum
10 possible penalty at sentencing. Absent a mistake, as we see here, this statement does not change from
11 defendant-to-defendant, as would be expected if it were part of the agreement between the parties.
12 Furthermore, the "agreement" and "penalty" sections are separated by distinct topic-headings. Apply
13 the ordinary rules of contract interpretation, this decision indicates to the court that the parties
14 intended that the sections be read and interpreted separately. *See U.S. v. Sutton*, 794 F.2d 1415, 1423
15 (9th Cir. 1986) (holding that plea bargains are contractual in nature and should be measured using
16 contract law standards).
17     Accordingly, the court finds that the government did not breach the plea agreement when Ms.
18 Brown argued for lifetime supervised release at sentencing because that mistake was not part of the
19 agreement between the parties.
20     C.    <u>Ineffective Assistance of Counsel</u>
21     "Ineffective assistance by counsel means conduct by counsel so incompetent as to make the
22 trial a farce or a mockery of justice." *U.S. v. Holman*, 436 F.2d 863, 868 (9th Cir. 1970). "[T]he
23 proper standard for attorney performance is that of reasonably effective assistance. *Strickland v.*
24 *Washington*, 466 U.S. 668, 687 (1984). Here, the defendant claims that his previous counsel was
25 defective for her failure to object to the alleged Rule 11 error at the plea colloquy. The defendant also
26 claims that his previous counsel's failure to advise him of several developments in his case warrants
27 a withdrawal of his guilty plea.
28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    The court is unable to conclude that Ms. Rosenstein provided assistance so incompetent as
2 to make the trial a farce or a mockery of justice. Quite to the contrary, Ms. Rosenstein obtained a fair
3 and generous deal for her client, which, as noted above, included a binding plea agreement with a
4 much lower sentence than that which could have been rendered following a jury trial. Advising the
5 defendant to enter into the plea agreement was reasonable, in light of the fact that the defendant was
6 facing a potential thirty-year minimum sentence if he chose to proceed to trial.
7    Accordingly,
8    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's application
9 for release pending appeal/ motion for reconsideration of motion to withdraw plea (doc. #67) is
10 hereby DENIED.
11    DATED December 20, 2010.

_____
**UNITED STATES DISTRICT JUDGE**