James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:08-CR-273 JCM (RJJ) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| PRINCE FIGUEROA, | |
| Defendant(s). | |

Presently before the court is defendant Prince Figueroa's motion for early termination of his supervision. (ECF No. 102). The government filed a response (ECF No. 105), to which defendant replied (ECF No. 106).

I. **Background**

On October 8, 2010, defendant was sentenced to 70 months in custody and lifetime supervised release pursuant to a guilty plea on one count of aggravated sexual abuse of a minor and another count of sexual abuse. (ECF No. 64). Defendant began his term of supervision in June 2015. He now moves to terminate that supervision. (ECF No. 102).

II. **Legal Standard**

Pursuant to 18 U.S.C. § 3583(e), the court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Those factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant." 18 U.S.C. §§ 3553(a)(1), (4).

### III. Discussion

Defendant argues that his supervision should be terminated because he has complied with all conditions, developed a prosocial support system, and been adequately deterred from future criminal activity. (ECF No. 102). Specifically, he also seeks termination because his supervision prevents "upward mobility and advancement" in his career, and he "continues to have trouble qualifying for apartments and homes because of his active supervision status." *Id.* at 3–4.

Mere compliance with supervised release conditions, without more, is not enough to modify or terminate supervision. *United States v. Boozer*, No. 2:12-cv-00004-APG-EJY, 2019 WL 7666537, at *1 (D. Nev. Oct. 1, 2019). While a defendant need not show undue hardship, changed circumstances, or even exceptionally good behavior to warrant termination, he must show that, on balance, the relevant sentencing factors weigh in favor of termination. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). The relevant factors here are (1) the nature and circumstances of the offense and defendant, (2) deterrence of future criminal conduct, (3) the need to protect the public from future crimes, (4) providing the defendant with needed treatment and services, (5) other kinds of sentences available, (6) the pertinent sentencing commission policy statements, (7) the need to avoid sentencing disparities, and (8) defendant's restitution obligations.

Considering those factors, the court is not persuaded that termination is warranted yet. Defendant has clearly made progress toward rehabilitation and built some level of prosocial support system, and he has been mostly compliant with the terms of release—as should be expected. He has also fully satisfied his restitution obligations.

However, every other relevant factor tends to weigh against termination. Defendant's crime was a grave one, and the weighty punishment levied by the court recognizes the seriousness of the offense. In less than twenty-four hours, defendant sexually abused two teenage girls (ages 18 and 14) when all were present at a campground near Lake Mead. His callous and predatory behavior represents a serious offense that the court cannot treat lightly.

Moreover, the court cannot ignore the high recidivism rates amongst sex offenders. *See United States v. Allison*, 447 F.3d 402, 405–06 (5th Cir. 2006). While that alone cannot be the determining factor as to termination, the court finds it persuasive given that the legislative history

**James C. Mahan**
**U.S. District Judge**

1  shows Congress contemplated the recidivism when it authorized lifetime terms of supervised
2  release for sex offenses.  *See id.* at 406, n.7 (citing H.R. Rep. No. 108–66, at 49–20 (2003)
3  (conf.rep.), *reprinted in* 2003 U.S.C.C.A.N. 683, 684).

4  Defendant does present some mitigating evidence weighing toward other factors. *See* (ECF
5  No. 102).  His only violation in seven years was a self-reported violation in 2016.  His probation
6  officer notes that he is low-risk.  He has found employment and advanced in his position.  On top
7  of all of that, he has regularly attended therapy as required (now reduced to two sessions annually)
8  and successfully moved for joint custody of his seven-year-old son.

9  The court credits this progress, but considering the circumstances in their entirety, they do
10 not justify termination.  While notable, the fact that defendant has secured employment, spent time
11 with his family, and been (almost) violation free do not outweigh the fact that he committed a very
12 serious crime that presents a unique danger to the public.  He continues to receive twice-yearly
13 therapy through probation, and there is no evidence that he would continue his treatment but for
14 the probation office requiring it.  His continued supervision also carries a deterrent effect that
15 would disappear after termination.

16 In short, considering the factors above and the fact that defendant is not entitled to the
17 *Guide to Judiciary Policy*'s presumption in favor of termination as a sex offender, the court is not
18 convinced that the relevant sentencing factors weigh in favor of termination at this time.  This
19 court enjoys "broad discretion in determining whether to grant a motion to terminate supervised
20 release," *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014), and it exercises that discretion
21 to deny that motion here, without prejudice.  Defendant may move to terminate his supervision
22 again in the future should the balance of the relevant factors meaningfully shift.

23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for early termination (ECF No. 102) be, and the same hereby is, DENIED.

DATED July 21, 2023.

_____
UNITED STATES DISTRICT JUDGE